## J. V. HARRIS VS. FRANK & REINACH.

1. MORTGAGE : *Rent. Lien on crop. Lessee. Sub-tenant.*.
   A lessee becomes the owner of the property for the term, and may sell it in part or *in toto*, and the purchaser would become the assignee of the term; and if he sells a part of it his assignee becomes responsible *pro tanto* for all the burdens proportionally which the lease imposed upon his immediate lessor.
   At common law, if the entire interest in different parts or parcels of the land passed by assignment to separate and distinct individuals, a covenant which runs with the land will attach on each parcel *pro tanto*.

2. SAME: SAME: *Case in judgment.*
   H. leased his plantation to N. for the year 1873, for $1,240 rent, secured by mortgage on the crop. N. leased thirty-five acres of it to T. for four bales of cotton. T. made a mortgage to F. & R. for supplies. H. claims the cotton produced by T. and mortgaged to F. & R. *Held*, that the entire premises demised to N. were subject to the burden of $1,240 rent; that the lease by N. to T. assigned thirty-five acres, part of the entire plantation, *cum onere* of its proportional part of the rent, which was an incumbrance common to the entire premises; and that is the measure of the right of H., the original lessor.

APPEAL from the Chancery Court of *Bolivar* County.

Hon. E. STAFFORD, Chancellor.

The facts in this case are fully stated in the opinion of the court.

The following is assigned for error:

1. Said court erred in ordering the defendants to deliver four bales of the cotton, specified in the bill, to the commissioner to be sold, and proceeds paid to appellant if the amount did not exceed the amount reported as due by defendants to complainant, instead of ordering said defendants to-

deliver the whole eleven bales of cotton claimed by appellant in his original bill, and the sale of the same if necessary to pay the amount reported by the commissioner as due from defendant to appellant, as the latter held a *superior lien* upon the whole of the cotton in controversy, and the right to have the whole, if necessary to pay his claim, sold in satisfaction of his said claim.

*T. J. & F. A. R. Wharton*, for appellant:

Insisted that the decree should be reversed for the reasons set out in the assignments of error, and argued the facts of the case *in extenso* in a written argument.

*Nugent & McWillie*, for appellees:

Insisted that there is no error and that the decree ought to be affirmed, and, in support of the decree, cited: Code of 1871, § 1252; 4 Kent, pp. 85–95; 1 Washburn on Real Property, pp. 294–388; Poultny *v.* Holmes, 1 Strange, 405; Price *v.* Cavin, 5 Bing. (Eng.), 17; Tyler *v.* Hirden, 46 Barb., 439; Van Rensellaer *v.* Hays, 19 N. Y., 68; Same *v.* Reid, 26 ib., 576; Taylor's L. & T., § 448, p. 347; ib., § 108, p. 80; McFarland *v.* Watson, 3 N. Y., 268; Quackenboss *v.* Clark, 12 Wend., 555.

SIMRALL, C. J., delivered the opinion of the court.

J. V. Harris brought his bill in chancery on the following state of facts: One of the last days of December, 1872, he leased to Newsom a plantation in Bolivar county, for the year 1873, for $1,240, and also sold him certain personal effects, which, added to the rent, made an indebtedness of $2,000, embraced in a promissory note due 1st November of that year. To secure this indebtedness Newsom executed a deed of trust including these effects and also the crop to be grown on the premises.

Harris sued out a distress warrant for his rent, which, among other things, was levied on a lot of seed cotton. Frank & Reinach, under a writ of replevin, took so much of the cotton as had been ginned, amounting to about eleven bales. Being

about to remove the cotton out of the state, they were enjoined by Harris, who claimed it under his attachment and deed of· trust.

Frank & Reinach base their claim on a mortgage made by one Taylor to them, to secure a past indebtedness, and also· for supplies to be furnished in making a crop. This mortgage. bears date in April, 1873, and was duly recorded, as was the trust deed in favor of the complainants.

It seems that Taylor rented from Newsom thirty-five acres, part of the farm, and agreed to pay four bales of cotton of· the first picking for rent.

The cotton, the subject of this controversy, was produced by him. The chancellor on the final hearing decreed that. Harris, the original landlord, and lessor of Newsom, was. entitled to four bales of cotton, the amount stipulated to be paid by Taylor to his immediate lessor, Newsom, and directed that they should be so applied.

From that decree Harris appealed. The argument most. strongly pressed for the appellant is that, by virtue of his deed. in trust, which is senior by three or four months to the mort-· gage of the appellees, and which by its terms covered all the· crop to be grown on the premises, he has the better right to· the eleven bales than the appellees.

That position would be entirely tenable if the cotton, or all. of it, were the property of Newsom, or had been produced by him. It would be also tenable if the crop produced on the· premises by Taylor, the sub-tenant of Newsom, were to the full extent liable to the mortgage of his landlord to Harris.

Newsom, by his lease, became the owner of the property for the year. That was his term. There being no restrictions. upon him he was competent to sell his interest or term *in toto*, by which act the purchaser would become the assignee of· the. term, and would be responsible directly to Harris for the rent,. and also all the covenants which ran with the land.

It was also competent for Newsom to sell a part of the prem-· ises for the year, as he did, to Taylor, which constituted him·

assignee *pro tanto*, and devolved upon him all the burdens proportionally which the lease imposed upon his immediate lessor.

The doctrine of the common law is that, if the entire interest in different parts or parcels of the land passes by assignment to separate and distinct individuals, a covenant which runs with the land will attach on each parcel *pro tanto*.  Co. Litt. ; Van Horne *v.* Crain, 1 Paige, 435.

The assignee of each part would be answerable for his proportion of any charge upon the land, which was a common burden.  Astor *v.* Miller, 2 Paige's Ch., 78.

The entire premises demised to Newsom were subject to the burden of $1,240 rent.   The formal lease executed by Newsom to Taylor operated to assign thirty-five acres, part of the entire plantation, *cum onere* of its proportional part of the rent, which was an incumbrance common to the entire premises.

That was the measure of the right of the original lessor, Harris, against the sub-tenant, Taylor.   The complainant and appellant does not object to the decree because the chancellor did not make a just apportionment of the rent upon the sub-tenant, but because he did not hold the entire eleven bales under his deed of trust.

That incumbrance could only take effect as a security upon such productions of the demised premises as Newsom had power to control.

Harris, as we have seen, could hold the sub-tenants, as assignees of Newsom, responsible for their aliquot part of the rent reserved by him from their assignor, and Newsom's deed in trust was a security on the crops of the sub-tenants to that extent and no further.

This case is distinguishable from that of Doty et al. *v.* Heath, adm'r, etc., decided at this term, in this feature ; that in that case the laborers or producers of the crops were not tenants of the land, but only tenants in common with the landlord in the products of the soil.

The decree is affirmed.